**Homer R. PREECE, Petitioner,**

v.

**BILL MONT COAL COMPANY, INC.; Kentucky Employers Mutual Insurance; Director, Office of Workers' Compensation Programs, United States, Respondents.**

No. 03–3253.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2003.

Billy J. Moseley, Lawrence R. Webster Law Office, Pikeville, KY, for Petitioner.

Billy R. Shelton, Jones, Walters, Turner & Shelton, Lexington, KY, Patricia Nece, U.S. Department of Labor, Office of the Solicitor, Michelle S. Gerdano, Washington, DC, for Respondents.

Before GUY and GILMAN, Circuit Judges; and REEVES, District Judge.*

*ORDER*

Homer R. Preece, a Kentucky citizen, petitions through counsel for review of an order of the Benefits Review Board affirming the denial of his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. Both parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Mr. Preece, who was born in 1944, was found by the administrative law judge (ALJ) in this case to have worked in coal mining for nearly twenty-nine years, ending in 1996 due to an injury. He is also a lifelong cigarette smoker. Mr. Preece filed a claim for black lung benefits in 2000. A hearing was held before the ALJ, who denied the claim upon finding that Mr. Preece had established neither that he has pneumoconiosis nor that he is totally disabled. The ALJ's decision was affirmed by the Benefits Review Board. In his brief before this court, Mr. Preece argues that the ALJ erred in failing to find that he had established the existence of pneumoconiosis on the basis of an X-ray reading by Dr. Westerfield and a diagnosis by Dr. Sundaram.

This court reviews a decision in a black lung benefits case to determine whether it is in accordance with the law and supported by substantial evidence. *Griffith v. Director, OWCP*, 49 F.3d 184, 186 (6th Cir.1995). Upon review, we conclude that the decision below meets this standard.

There were two methods of establishing the existence of pneumoconiosis available in this case: on the basis of X-ray readings, or by diagnosis by a physician. 20 C.F.R. § 718.202. Mr. Preece argues that a positive X-ray reading by Dr. Westerfield, a Board-certified radiologist and B-reader specially trained to read X-rays for pneumoconiosis, was sufficient to establish that he has pneumoconiosis. However, fourteen of seventeen X-ray readings in the record were negative for pneumoconiosis, and three equally qualified physicians consistently read Mr. Preece's X-rays as neg-

---

* The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

ative. Therefore, the ALJ's conclusion that the weight of the X-ray evidence did not establish the presence of pneumoconiosis is supported by substantial evidence. *See Staton v. Norfolk & Western Ry.*, 65 F.3d 55, 59–60 (6th Cir.1995).

Mr. Preece also argues that Dr. Sundaram's diagnosis of pneumoconiosis was sufficient to establish the existence of pneumoconiosis. However, the ALJ permissibly accorded this opinion less weight based on the fact that Dr. Sundaram's qualifications were not in the record, and his diagnosis appeared to be based on an X-ray reading that was out of line with the preponderance of the X-ray evidence. The ALJ's conclusion regarding the weight to be accorded Dr. Sundaram's opinion is also supported by substantial evidence and in accordance with the law. *See Eastover Mining Co. v. Williams*, 338 F.3d 501, 513–15 (6th Cir.2003).

Moreover, Mr. Preece bears the burden of proving each element of entitlement by a preponderance of the evidence, including the existence of pneumoconiosis arising out of coal mine employment, and total disability due to pneumoconiosis. *Adams v. Director, OWCP*, 886 F.2d 818, 820 (6th Cir. 1989). Because Mr. Preece does not challenge the ALJ's conclusion that he is not totally disabled, he would not be entitled to benefits even if the existence of pneumoconiosis had been established.

Therefore, the petition for review is denied.